**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1908

RONALD E. JARMUTH,

Plaintiff - Appellant,

versus

KATHLEEN R. WATERS; JAMES M. FRINZI,

Defendants - Appellees,

versus

FAYETTE COUNTY CHILDREN AND YOUTH SERVICES;
ANGELA J. JARMUTH; PENNSYLVANIA STATE POLICE,

Parties in Interest.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge; John S. Kaull, Magistrate Judge.  (1:04-cv-00063-
IMK)

Submitted:  January 31, 2007          Decided:  March 7, 2007

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald E. Jarmuth, Appellant Pro Se. Charles T. Berry, BOWLES,
RICE, MCDAVID, GRAFF & LOVE, PLLC, Morgantown, West Virginia;
Scott R. Leah, TUCKER & ARENSBERG, PC, Pittsburgh, Pennsylvania;

Stacie Dawn Honaker, Peter T. DeMasters, FLAHERTY, SENSABAUGH & BONASSO, PLLC, Morgantown, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald E. Jarmuth appeals from the district court's orders entering judgment in favor of Defendants in his action claiming defamation and violations of the Pennsylvania Wiretap Statute. Jarmuth contends that the district court erred in finding that the statute of limitations on his defamation claims had expired, erred by determining that it lacked personal jurisdiction over Kathleen Waters, erred in finding no expectation of privacy and therefore dismissing his wiretap counts, and erred by finding that Jarmuth failed to support his defamation claim with respect to Trooper Stevens' phone calls. We affirm.

Jarmuth contends that the defamation claim filed in this action was the same claim as was previously filed in the federal district court in Pennsylvania and dismissed without prejudice when the federal claims were dismissed. He contends, therefore, that his refiling of the claim in the West Virginia district court is timely under 28 U.S.C. § 1367(d) (2000). However, even assuming that the claim is the same and that it would have been tolled from the Pennsylvania district court's dismissal through the disposition of the appeal in the Third Circuit and until it was filed in the West Virginia district court, we find that it was filed beyond the statute of limitations. Thus, we need not resolve the myriad of procedural issues surrounding this claim, but rather affirm the district court's dismissal under the statute of limitations. The

defamatory statement that underlies this claim was discovered by Jarmuth in December 2000, when he read the letter addressed to his supervisor. Jarmuth moved to amend his complaint that was pending in the Pennsylvania district court in January 2002. Although he requested that the complaint be amended nunc pro tunc, the district court allowed the amendment and directed that the amended complaint be filed on January 10, 2002. This amended complaint was filed beyond the one-year limitations period. See W. Va. Code Ann. § 55-2-12 (Michie 2000). Thus, we conclude that Jarmuth failed to file his defamation claim within the limitation period, and we affirm the district court's dismissal of this claim on this basis.

With respect to the remaining claims, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Jarmuth v. Waters, No. 1:04-cv-00063-IMK (N.D. W. Va. Mar. 31, 2005 & July 25, 2006). Because counsel has noted an appearance on behalf of Kathleen Waters, we deny as moot Jarmuth's motion that pleadings and orders be served directly on Waters. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED